Amy L. Bennecoff Ginsburg (034423)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Brad Myers**, | |
| Plaintiff, | Case No. |
| v. | |
| **SRA Associates, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Brad Myers** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **SRA Associates, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Arizona and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Arizona

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Phoenix, Arizona

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 401 Hi-Nella, New Jersey 08083.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Plaintiff maintained a cellular telephone number, the last four digits of which are 6948

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant repeatedly called Plaintiff on his cellular telephone.

13. Soon after the calls began, Plaintiff told Defendant to stop calling.

14. Further, in subsequent calls, Plaintiff repeated his instruction to Defendant not to call.

15. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

16. Despite Plaintiff's clear demand to refrain from contacting his, Defendant persisted in calling Plaintiff.

17. Defendant's calls were not placed for emergency purposes.

18. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

19. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone. 47 U.S.C. § 227(b)(1)(A)(iii).

22. Defendant initiated multiple and repeated telephone calls to Plaintiff's cellular telephone.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

25. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

26. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

27. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. §227(b)(3).

28. When Defendant called Plaintiff with knowledge that it did not have prior express consent to call Plaintiff, the violations were either willful or knowing starting from the date of Plaintiff's first instruction to stop calling.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, Brad Myers, demands a jury trial in this case.

Respectfully submitted,

Dated: 11/22/19

By: *s/ Amy L. B. Ginsburg*
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com